NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACS HR SOLUTIONS, LLC, AS SUBROGEE OF ENTERGY CORPORATION RETIREMENT PLAN FOR NON-BARGAINING EMPLOYEES,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD BONDS,<br><br>Defendant. | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civ. Act. No. 2:10-CV-04179(DMC-MF) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Plaintiff, ACS HR Solutions, for Final Judgment against Defendant, Howard Bonds, for the principal amount of payments owed with pre-judgment interest, attorney's fees, and post-judgment interest. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that the Plaintiff's motion is **granted.**

### I. BACKGROUND

The factual background of the case is straightforward; Defendant mistakenly received retirement benefits from Plaintiff, and when Defendant refused to return them, Plaintiff commenced their action. (Pl.'s Mem. 2, Feb. 22, 2013, ECF No. 47-1).

On August 16, 2010, Plaintiff sued Defendant asserting common law and statutory ERISA claims. (Id. 1) On January 31, 2012, Defendant filed a Motion for Summary Judgment. The same day, Plaintiff filed a Motion of Partial Summary Judgment for a liability

1

determination on the common law ERISA claim. (Id.) This Court granted the Plaintiff's motion and denied the Defendant's motion and ordered Defendant to pay the principal amount of $66,122.90 on August 22, 2012. (Id.) Plaintiff now moves for Entry of Final Judgment, seeking the principal amount owed "along with pre-judgment interest, attorney's fees, costs, and post-judgment interest." (Id.)

## II.     APPLICABLE LAW

ERISA allows an award of attorneys' fees to a prevailing party based on the Court's discretion. 29 U.S.C.A. § 1132(g)(1). The statute provides, in relevant part:

> "[I]n any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

When determining whether or not the Court should award attorney's fees, five factors should be examined: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney' fees; (3) the deterrent effect of an award of attorneys' fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions. Fields v. Thompson Printing Co., Inc., 363 F.3d 259, 275 (3d Cir. 2004) (citing Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir.1983).

## III.    DISCUSSION

### A.     Principal Amount

On August 22, 2010, this Court ruled that Defendant was to reimburse Plaintiff for the amount of $66,122.90 for the mistaken payments. (Pl.'s Mem. 1, ECF No. 47) Accordingly, Plaintiff is entitled to the stated amount.

### B.     Prejudgment Interest

Federal District Courts routinely award pre-judgment interest for the prevailing party in ERISA cases. See, e.g., Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1009 (3d Cir. 1992); McCoy v. Bd. of Trustees of Laborers' Int'l Union Local No. 222 Pension Plan, 188 F. Supp. 2d 461, 471 n.7 (D.N.J. 2002), aff'd, 60 F. App'x 396 (3d Cir. 2003); Holmes v. Pension Plan of Bethlehem Steel Corp., CIV. A. 98-CV-1241, 1999 WL 179794, at *3-4 (E.D. Pa. Mar. 24, 1999), aff'd in part, rev. in part, 213 F.3d 124 (3d Cir. 2000); Hardtke v. Exide Corp., 821 F. Supp. 1021, 1031 (E.D. Pa. 1993); Kay v. Thrift & Profit Sharing Plan for Employees of Boyertown Casket Co., 780 F. Supp. 1447, 1462 (E.D. Pa. 1991); Kann v. Keystone Res., Inc., 575 F. Supp. 1084, 1095 (W.D. Pa. 1983).

In its decision in Anthuis, the Third Circuit, quoting the Eighth Circuit, set forth the rationale for awarding pre-judgment interest in such cases:

> As a general rule, prejudgment interest is to be awarded when the amount of the underlying liability is reasonably capable of ascertainment and the relief granted would otherwise fall short of making the claimant whole because he or she has been denied the use of the money which was legally due. Awarding prejudgment interest is intended to serve at last two purposes: to compensate prevailing parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit from the inherent delays of litigation. Thus prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable.

971 F.2d at 1010 (quoting Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 750 (8th Cir.), cert. denied, 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986)).

Plaintiff requests that interest on each payment should accrue at the rate in effect at the time that each benefit was mistakenly made. Plaintiff submits a detailed chart of payments, the amounts, the federal post-judgment interest rate of each week that the payment had been issued, and the total amount of interest due from the date of the mistakenly paid benefit to March 18,

3

2013. (see Pl.'s Mem., Sigmund Dec., Ex. A). Based on those calculations, ACS submits that it is entitled to and should be awarded pre-judgment interest through March 18, 2013 in the aggregate amount of $15,421.73, plus interest accruing thereafter at the per diem rate of $6.18. Defendant has raised no objection in response to this demand, and thus the Court also awards Plaintiff the sum of $15,421.73. (Def. Cert. 1, Mar. 3, 2013, ECF. No. 50).

### C.   Attorney's Fees

Turning to the <u>Fields</u> test to determine if this Court should grant attorney's fees, the first factor to be examined is whether or not Defendant acted in bad faith. Taking the assertions of the Plaintiff about the February 21, 2013, mediation session as true, it seems that Defendant negotiated in bad faith in this instance, particularly since the Court had already ruled in Plaintiff's favor. (Pl.'s Mem. 4, Mar. 25, 2013, ECF No. 51-1). Defendant denies these allegations, and as the Court does not intend to weigh credibility, this factor does not weigh heavily in the Court's analysis.

The second factor is the ability of the Defendant to satisfy the award sought by the Plaintiff. A financial disclosure by Defendant in 2006 and 2007 estimated a net worth of $1.2 million, mainly from land, farm equipment, and livestock. (Def. Cert. 3-2) However, Defendant states that liquid assets total $13,415.00 in cash and $1,800 in securities. (Def. Cert. 3) Defendant states that an award of attorneys' fees would "severely impair or disrupt" Defendant's business, but does not provide any specific facts on how it might do so, making this statement purely speculative. (Id.)

Both parties agree that the third and fourth factors have been satisfied. Therefore, they do not need to be discussed. (Id.)

The fifth factor examines the relative merits of the Defendant's argument. Defendant argues that "this was a fairly close case," yet the Court is to examine the relative merits of the case, not whether an argument was "devoid of merit." (Id.) This factor weighs in favor of the Plaintiff as Summary Judgment was granted in favor of Plaintiff by this Court.

Defendant argues that Plaintiff's calculation of attorneys' fee, calculated at $72,067.64 is excessive and that unnecessary overlap between two firms occurred. (Id. 4) However, no specific fee is challenged, and Plaintiff states that duplications, calculated at $8,834.49, were eliminated in the aforementioned figure. (Pl.'s Mem. 5-6, Mar. 25, 2013)

In sum, the factors above weigh in favor of the Plaintiff, who will be awarded $72,067.64 in attorneys' fees.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment is **granted**. An appropriate Order accompanies this Opinion.

*/s/ Dennis M. Cavanaugh*
Dennis M. Cavanaugh, U.S.D.J.

DATE: August 20, 2013

Orig:  Hon. Mark Falk, U.S.M.J.
CC:    All Counsel of Record
       File